**TORY M. PANKOPF, ESQ., SBN 202581**
**TORY M. PANKOPF, LTD.**
611 Sierra Rose Drive
Reno, Nevada 89511
Telephone: (530) 725-8263
Facsimile:  (530)  725-8264
**tppankopf@sbcglobal.net**

Attorneys for Plaintiffs/Debtors,
ALBERT & DEBORAH ALVAREZ

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re:<br><br>ALBERT ALVAREZ and<br>DEBORAH ALVAREZ,<br><br>    Debtors. | CASE NO:  BK-S-08-52460-gwz<br>Voluntary Chapter 7<br><br>**ADVERSARY PROCEEDING NO.** |
|---|---|
| ALBERT ALVAREZ and<br>DEBORAH ALVAREZ,<br><br>    Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and AMERICA'S SERVICING COMPANY,<br><br>    Defendants. | Date:<br>Time: |

////

////

- 1 -

Complaint

# COMPLAINT

Plaintiffs, ALBERT ALVAREZ and DEBORAH ALVAREZ, debtors of the above entitled voluntary Chapter 7 bankruptcy, by and through their attorney of record, hereby complains and alleges against defendants Mortgage Electronic Registration Systems, Inc., and AMERICA'S SERVICING COMPANY, as follows:

## CORE PROCEEDING

This matter is a core proceeding.

## THE PARTIES

1. Plaintiffs, ALBERT ALVAREZ and DEBORAH ALVAREZ, is the debtor in the voluntary Chapter 7 bankruptcy filed herein ("Plaintiff").

2. Defendant, Mortgage Electronic Registration Systems, Inc. ("MERS"), is the beneficiary of two deeds of trust recorded in the County of Washoe, Nevada, against the Plaintiff's residence located and commonly described as 592 Penny Way, Sparks, Nevada (hereinafter, the "Property").

3. Defendant, America's Servicing Company ("ASC"), is the payee on two promissory notes allegedly secured by the deeds of trusts which MERS is the beneficiary.

## GENERAL ALLEGATIONS

4. On July 19, 2005, two (2) deeds of trusts were recorded in the Recorder's Office for the County of Washoe, State of Nevada listing Mortgage Electronic Systems, Inc. ("MERS") as the beneficiary.

5. Plaintiff is listed as the trustor on each deed of trust.

6. The trustee listed on each deed of trust is Westwood Associates, Inc.

7. Each deed of trust purports to secure a promissory note on the Plaintiffs' Property for the benefit of MERS.  MERS has never lent any money to the Plaintiff

8. MERS has no right to payment of any kind on any promissory note from the Plaintiff.  MERS has never lent Plaintiff any money.  Plaintiff has never executed a promissory note in favor of MERS.

**Law Offices of**
**Tory M. Pankopf**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

- 2 -

Complaint

9. Since the deeds of trust have been recorded, Plaintiff has never made a payment to MERS nor has MERS ever demanded Plaintiff make a payment made to it.

10. Plaintiff has never received any notification from MERS or any other entity that MERS was assigned rights under any promissory note.

11. The lender listed on each deed of trust is WMC Mortgage Corp.

12. America's Servicing Company purports to stand in the shoes of the lender at this time.

**CAUSE OF ACTION**
**(Extinguishment of Liens)**

13. Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 11, as if fully alleged herein.

14. Nevada law provides that parties may secure performance of an obligation or payment of a debt by utilizing a deed of trust. See NRS 107.020. A deed of trust involves three parties: the trustor, the trustee, and the beneficiary. The trustor is the debtor owning the property that is conveyed to the trustee as security of the obligation owed to the beneficiary. See *Miller & Starr, California Real Estate 3D*, § 10:3 (Three Parties to a Deed of Trust)(2003). The beneficiary of a deed of trust is the person/entity who is the holder of the debt secured by the lien. *Monterey S. Partnership v. W. L. Bangham, Inc.*, 49 Cal.3d 454, 461, 261 Cal.Rptr. 587. The payee under a promissory note is the beneficiary under a deed of trust. A deed of trust can only be foreclosed by the owner of the promissory note that is secured by the deed of trust. *Santens v. Los Angeles Finance Co.*, 91 Cal.App.2d 197, 202 (Cal.App.4.Dist.1949).

15. A deed of trust must secure some debt or obligation. The lien does not attach prior to the creation of the underlying debt or obligation. The security instrument is merely incident to and measured by the performance of the obligation, there can be no lien of a mortgage or trust deed without an underlying and enforceable debt or obligation. *Alliance Mortgage Co. v. Rothwell*, 10 Cal.4th 1226, 1235 (1995). An assignment of the trust deed without a transfer of the obligation (the promissory note) is completely ineffective. *Kelley v*

Law Offices of
**Tory M. Pankopf**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

- 3 -

Complaint

*Upshaw*, 39 Cal.2d 179, 192 (1952). See also *Adler v. Newell*, 109 Cal. 42, 46-49 (1885), holding that an assignment of the mortgage did not carry the debt.

16. This has long been the law in throughout the United States: when a note secured by a mortgage is transferred, "transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter." *Carpenter v Longan*, 83 U.S. 271, 275 (1872). Clearly, the objective of this principle is "to keep the obligation and the mortgage in the same hands unless the parties wish to separate them." RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) § 5.4 (1997). The principle is justified, in turn, by reasoning that the "the debt is the principal thing and the mortgage an accessory." *Id*. Given that "the debt is the principal thing and the mortgage an accessory," the Supreme Court reasoned that, as a corollary, "[t]he mortgage can have no separate existence." *Carpenter*, 83 U.S. at 274. For this reason, "an assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." *Id*. at 274. While the note is "essential," the mortgage is only "an incident" to the note. *Id*. "Where the holder of a note has 'transferred' only the deed of trust, the transaction is a nullity and his 'assignee,' having received no interest in the underlying debt or obligation, has a worthless piece of paper." 4 RICHARD R. POWELL, POWELL ON REAL PROPERTY, § 37.27[2] (2000).

17. When the note is split from the deed of trust, "the note becomes, as a practical matter, unsecured." RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) § 5.4 cmt. a (1997). A person ho1ding only a note lacks the power to foreclose because it lacks the security, and a person holding only a deed of trust suffers no default because only the holder of the note is entitled to payment on it. *See* RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) § 5.4 cmt. e (1997).

18. The two (2) deeds of trusts designate MERS as the beneficiary. MERS has no right to payment from the Plaintiff.

19. A "beneficiary" is defined as "one designated to benefit from an appointment, disposition, or assignment … or to receive something as a result of a legal arrangement or instrument." Blacks Law Dictionary 165 (8th Ed. 2004).

Law Offices of
**Tory M. Pankopf**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

- 4 -

Complaint

20. Because each deed of trust has designated MERS as the beneficiary and because the deeds of trust at issue does not secure any debt enforceable by MERS, each deed of trust is invalid. Each deed of trust has been invalid since their creation.

**PRAYER FOR RELIEF**

Plaintiff prays for the following relief against defendants, and each of them, as follows:

a. For an order extinguishing each deed of trust;

b. For an award of attorney's fees and costs; and

c. For such other and further relief as may be appropriate under the circumstances.

DATED: This 12th day of May, 2010          *Tory M. Pankopf, Ltd.*

                         By:    /S/ TORY M. PANKOPF
                                TORY M. PANKOPF, ESQ.
                                Attorney for Plaintiffs,
                                ALBERT and DEBORAH ALVAREZ

Law Offices of
**Tory M. Pankopf**
611 Sierra Rose Drive
Reno, NV 89511
(530) 725-8263

- 5 -

Complaint